## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 4, 1905.

JOB S. MILLS, D. D., BISHOP OF THE EASTERN DISTRICT OF THE CHURCH OF THE UNITED BRETHREN IN CHRIST, PLAINTIFF,

VS.

THE TRUSTEES OF THE EPISCOPAL RESIDENCE OF THE EASTERN DISTRICT OF THE CHURCH OF THE UNITED BRETHREN IN CHRIST OF BALTIMORE CITY, A CORPORATION; AUGUST W. SCHEIDT ET AL., TRUSTEES.

*Thomas C. Weeks* for plaintiff.
*Carville D. Benson* for defendants.

DENNIS, J.—

This bill is filed by the plaintiff in his official character as Bishop of the Eastern District of the Church of the United Brethren in Christ to enforce the provisions of a certain deed of trust of the 29th day of July, 1869, whereby a certain lot of ground and appurtenances in the city of Baltimore on the east side of Scott street, was conveyed to certain trustees therein named, to hold "in trust as a parsonage for the use, residence and occupation of the Bishop of the Eastern District of the United Brethren in Christ, who may be from time to time appointed to said District, *with power and authority*, however, to said trustees *to mortgage said property* if necessary, to erect a building for the said purpose, and also *at any time that they may deem it advantageous and desirable for the purposes of this trust to sell, lease or otherwise* dispose of *the said property hereinbefore described*, and to *execute leases deeds and other proper and legal conveyances thereof to the · purchaser*, and the proceeds thereof to receive upon like trusts and for like purposes as herein before mentioned," Article 38 of our Bill of Rights prescribes, that every gift, sale or devise of land to any minister, public teacher or preacher of the gospel as such, or to, or for the use, support, benefit, or in trust for any minister, public teacher or preacher of the gospel as such, without the prior or subsequent sanction of the Legislature shall be void, excepting always any sale, gift, lease or devise of any quantity of land not exceeding five acres for a church, meeting house, or other place of worship or parsonage, or for a burying ground which shall be improved, enjoyed or used *only for such purposes*. It is conceded in this case that no such prior or subsequent sanction of the legislature has ever been had for this deed of trust, but it is claimed that it comes within the exception contained in the article referred to, which excludes from its operation any quantity of land not exceeding five acres, which is to be used as a parsonage. It is not sufficient to bring the case within the exception that it shall be a tract of less than five acres only; but it is also required that the land so conveyed shall be improved, employed or used *only* for the purposes of a house of worship or par-

sonage or burial ground. The tract must be both less than five acres, and be used *exclusively* for the purposes mentioned; both facts must co-exist before the gift is within the terms of the exception.

Here the very terms of the deed show that the land conveyed was not to be used *exclusively* for the purpose of a parsonage, because the trustees were authorized to sell, lease, or otherwise dispose of it, and to execute leases, deeds and other proper and legal conveyances to the purchaser, whenever in their judgment they should deem it advisable so to do. And the bill shows upon its face that, as a matter of fact, the said trustees long ago did lease it, and it is the proceeds of such lease that the plaintiff is now seeking to have applied to his use by his bill.

This deed, therefore, clearly falls within the prohibition of the 38th Article, and the sanction of the legislature never having been obtained, is void, and if void, the plaintiff has no standing in court under his bill. I will sustain the demurrer and dismiss the bill.